**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II,           )<br>                                               )<br>        Petitioner,                       )<br>                                               )<br>vs.                                           )<br>                                               )<br>                                               )<br>State of Arizona,                        )<br>                                               )<br>        Respondent.                    )<br>                                               )<br>_____) | No. CV 10-2238-PHX-RCB (DKD)<br><br>**ORDER** |

On October 15, 2010, Petitioner John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* "Writ of Mandamus" (Doc. 1), which the Court construed as a Petition for a Writ of Mandamus (Petition) by Order filed October 28, 2010 (Doc. 3). The Court's Order also gave Petitioner 30 days from the filing date of the Order to pay the $350.00 filing fee or to file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement. On November 4, 2010, Petitioner filed an Application To Proceed *In Forma Pauperis* (Doc. 4) and an Inmate Account Statement (Doc. 5).

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 4) will be granted. Petitioner must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount

in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a prisoner's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be

1  held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting
2  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

3      If the Court determines that a pleading could be cured by the allegation of other facts,
4  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
5  action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
6  should not, however, advise the litigant how to cure the defects. This type of advice "would
7  undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
8  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
9  required to inform a litigant of deficiencies).  The Petition (Doc. 1) will be dismissed for
10 failure to state a claim upon which relief may be granted, without leave to amend because the
11 defects cannot be corrected.

12 **III.   Petition**

13     Named as Respondent in the Petition is the State of Arizona. In his Petition, Petitioner
14 requests that this Court "pardon all crimes pertaining to CR 2009-167757-001 or dismiss all
15 charges Counts 1, 2, and 3 with prejudice and launch an investigation pertaining to the safety
16 of myself and my family." Petitioner alleges that this is necessary because he has a "device"
17 in his head that was "installed in there from a[] life threatening surgery." Petitioner further
18 alleges that "some sort of communication device (with visual effects) was implanted in [his]
19 head" and that someone "torments [him] constantly with electromagnetic waves (high
20 frequency)."

21 **IV.   Dismissal of Petition and Action**

22     Writs of mandamus have been abolished in federal practice pursuant to Rule 81(b),
23 Federal Rules of Civil Procedure. However, actions in the nature of mandamus to compel
24 United States officials to perform duties are within the jurisdiction of the United States courts
25 pursuant to 28 U.S.C. § 1361, which states that:

26     The district courts shall have original jurisdiction of any action in the nature
    of mandamus to compel an officer or employee of the United States or any
27     agency thereof to perform a duty owed to the plaintiff.

28 28 U.S.C. § 1361.

1     In the instant case, Petitioner has not identified a duty owed to him by an officer or
2 employee of the United States or any agency thereof.  Instead, he appears to be asking this
3 Court to pardon state-court crimes or dismiss state-court criminal charges. However, cases
4 clearly hold that federal courts have no authority to issue writs of mandamus to direct state
5 courts or their judicial officers in the performance of their duties.  Clark v. Washington, 366
6 F. 2d 678, 681-82 (9th Cir. 1966); Rothstein v. Montana State Supreme Court, 637 F. Supp.
7 177, 179 (D. Mont. 1986); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981), aff'd,
8 673 F.2d 1337 (9th Cir. 1982).  See also Davis v. Lansing, 851 F.2d 72, 74 (2nd Cir. 1988).
9 Accordingly, the instant proceeding is not within the purview of 28 U.S.C. § 1361, and relief
10 by way of a writ of mandamus is not available to the Petitioner in this instance. Therefore,
11 the Court will dismiss the Petition and this action for failure to state a claim upon which
12 relief may be granted.

13 **IT IS ORDERED:**

14     (1)    Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

15     (2)    As required by the accompanying Order to the appropriate government agency,
16 Petitioner must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

17     (3)    The Petition (Doc. 1) and this action are **dismissed** for failure to state a claim
18 upon which relief may be granted, and the Clerk of Court **must enter judgment** accordingly.

19     (4)    The Clerk of Court **must make an entry** on the docket stating that the
20 dismissal for failure to state a claim may counts as a "strike" under 28 U.S.C. § 1915(g).

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1    (5)    The docket **shall reflect** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 19th day of January, 2011.

_____
Robert C. Broomfield
Senior United States District Judge